[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Carlos Ray asserts two assignments of error on appeal, neither of which we find to be well taken. In his first assignment, Ray alleges that the trial court erred in sentencing him. Ray had entered a plea of guilty to three counts of pandering sexually-oriented matter involving a minor, in violation of R.C.2907.322(A)(5), and three counts of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(1). Ray was sentenced to consecutive terms of six months for the three counts of pandering, which were fifth-degree felonies, and to concurrent terms of seven years for the three counts involving illegal use of a minor, which were second-degree felonies.
Ray now argues that, with the sentences viewed in the aggregate, he has received the equivalent of a maximum sentences for each felony, and that the trial court was therefore required to make findings and to give reasons for imposing the maximum sentences. But a sentencing court is not required under the applicable statutes to take such a consideration into account. Rather, the sentencing statutes presuppose that if the court elects or is required to impose a prison term, the court is to consider each felony individually. For a fifth-degree felony, the trial court may impose a prison term ranging from six to twelve months.[1] For a second-degree felony, the court may impose a prison term ranging from two to eight years.[2] Because a maximum sentence was not imposed for any of the individual felonies, the trial court was not required in this case make findings relating to maximum terms or give reasons for those findings.[3]
Ray also argues that the record does not support the trial court's recidivism and seriousness findings. Although the trial court quite candidly indicated that recidivism was uncertain due to Ray's statements that he did not remember the offenses, it was not error for the court to impose minimum sentences for the fifth-degree felonies and more than minimum sentences for the second-degree felonies, because ample evidence was presented to demonstrate that Ray's conduct was more serious than conduct normally constituting the offenses pursuant to R.C. 2929.12(B).
Having reviewed the record, we hold that the trial court complied with the purposes and principles of the sentencing statutes and made the appropriate findings when imposing minimum sentences for the fifth-degree felonies and more than minimum sentences for the second-degree felonies. Accordingly, we overrule the first assignment of error.
In his second assignment of error, Ray maintains that the trial court erred in finding him to be a sexual predator. Basically, he contends that the record does not clearly and convincingly support the trial court's finding that he is likely to engage in the future in one or more sexually-oriented offenses. When a reviewing court considers the weight or sufficiency of the evidence in a civil proceeding, such as a sexual-predator hearing, the trial court's judgment should not be reversed so long as it is supported by some competent and credible evidence going to all the essential elements of the case.[4]
It is undisputed that Ray had committed sexually-oriented offenses. The question before the trial court was whether he is likely to reoffend in the future. To determine whether Ray is likely to reoffend in the future, the trial court should have conducted a hearing marked by a clear, accurate, and comprehensive record for review, appointed an expert, if necessary, to assist in the determination concerning Ray's likelihood of recidivism, and discussed on the record the evidence and the R.C. 2959.09(B)(2) factors upon which it relied in determining Ray's likelihood of recidivism.[5]
Here, the sexual-offender-classification hearing was conducted as a part of the sentencing hearing, as permitted by R.C. 2950.09(B)(1), by the same judge who had presided over Ray's trial. A presentence-investigation report was admitted into evidence. In finding Ray to be a sexual predator, the trial court considered the relevant R.C. 2950.09(B)(2) factors, including the victim's age, the offender's age, and other facts, including that numerous pornographic photographs had been downloaded on Ray's computer.
Having reviewed the record, including the transcript of the classification hearing, the presentence-investigation report, and the psychologist's report, we are convinced that the state presented competent, credible evidence that Ray is likely to engage in one or more sexually oriented offenses in the future. The victim was eleven years old when the underlying offenses were committed. According to the psychologist's report, he had a four-year history of downloading pornographic material on his computer. Moreover, Ray had admitted at trial that he could not recall how the offenses had occurred. Given all of this, we hold that the trial court's sexual-predator determination was appropriate. Accordingly, we overrule the second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
[1] See R.C. 2929.14(A)(5).
[2] See R.C. 2929.14(A)(2).
[3] See R.C. 2929.14(C); State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131.
[4] See State v. Hunter (2001), 144 Ohio App.3d 116, 121, 759 N.E.2d 809,812-813, appeal not allowed (2001), 93 Ohio St.3d 1433, 755N.E.2d 355.
[5] See State v. Eppinger (2001), 91 Ohio St.3d 158, 166, 743 N.E.2d 881,888-889.